UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MIDYA G. RASHID and<br>FARUK AMIN RASHID,<br><br>    Plaintiffs,<br><br>vs.<br><br>THE MANITOWOC COMPANY, INC.,<br>MANITOWOC FOODSERVICE<br>GROUP, INC., and CLEVELAND<br>RANGE, LLC,<br><br>    Defendants. | Case No. 4:10CV1677 |

## **ORDER**

This matter is before the Court on the Agreed Motion to Revise Scheduling Order (ECF No. 29).

Accordingly,

**IT IS HEREBY ORDERED** that the Agreed Motion to Revise Scheduling Order (ECF No. 29) is **GRANTED**, in part, and **DENIED,** in part.

**IT IS FURTHER ORDERED** that the Plaintiffs shall disclose all expert witnesses and shall provide reports required by Fed.R.Civ.P. 26(a)(2), no later than **October 10, 2011**, and shall make expert witnesses available for deposition, and have depositions completed no later than **November 10, 2011**.

**IT IS FURTHER ORDERED** that the Defendants shall disclose all expert witnesses and shall provide reports required by Fed.R.Civ.P. 26(a)(2), no later than **November 22, 2011**, and shall make expert witnesses available for deposition, and have depositions completed no later than **December 30, 2011**.

**IT IS FURTHER ORDERED** that the parties shall complete **all** discovery in this matter no later than **January 14, 2012**.

**IT IS FURTHER ORDERED** that motions to compel shall be filed in a diligent and timely manner, but in no event filed more than eleven (11) days following the discovery deadline set out above.

**IT IS FURTHER ORDERED** that any motions to dismiss, motions for summary judgment, motions for judgment on the pleadings, or, if applicable, any motion to exclude testimony pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) or Kuhmo Tire Co. Ltd. v. Carmichael, 526 U.S. 137 (1999), must be filed no later than **January 28, 2012**. Any response shall be filed no later than **February 28, 2012**. Any reply shall be filed no later than **March 10, 2012**.

**IT IS FURTHER ORDERED** that this matter is set for a **JURY** trial on **Monday, June 4, 2012** at **9:00 a.m.** in the courtroom of the undersigned. This is a four-week docket, and the parties are expected to be ready and available for trial on the first day of the docket and thereafter on twenty-four hours notice.

**In this case, unless otherwise ordered by the Court, the attorneys shall, not less than twenty (20) days prior to the date set for trial:**

1. **Stipulation:** Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used on Voir Dire).

2. **Witnesses:**

    (a) Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

(b) Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

**3.** **Exhibits:**

(a) Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft.-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced. The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed.R.Evid. 902(11) or 902(12).

(b) Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed.R.Evid. 902(11) or 902(12), to opposing counsel for examination. Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

(c) Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order. Any objections not made in writing at least ten (10) days prior to trial may be considered waived.

**4.** **Depositions, Interrogatory Answers, and Request for Admissions:**

(a) Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence. At least ten (10) days before trial, opposing counsel shall state in writing any objections to such testimony and shall identify any

additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

      (b)    Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order. Any objections not made as above required may be considered waived.

      **5.**    **Instructions:** Submit to the Court and to opposing counsel their written request for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions at least ten (10) days before trial in light of opposing party's requests for instructions. (Each request must be supported by at least one pertinent citation.)

      **6.**    **Trial Brief:** Submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

      **7.**    **Motions In Limine:** File all motions in limine to exclude evidence at least ten (10) days before trial.

Dated this  31st day of August, 2011.


      /s/Jean C. Hamilton

      UNITED STATES DISTRICT JUDGE